IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAURIE A. ROZELSKI**  **PLAINTIFF**

V.  No. 4:24-CV-00519-KGB-ERE

**SOCIAL SECURITY ADMINISTRATION,**
**COMMISSIONER**  **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to Chief United States District Judge Kristine G. Baker. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include a factual or legal basis, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Chief Judge Baker can adopt this RD without independently reviewing the record.

### I. Background

On April 14, 2021, Ms. Laurie Rozelski filed an application for benefits due to fibromyalgia and neurological issues. *Tr. 13, 263*.

Ms. Rozelski's claim was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a telephonic hearing on May 1, 2023, where Ms. Rozelski appeared with her lawyer, and the ALJ heard testimony from Ms. Rozelski, her mother Evelyn Mullin, and a vocational expert ("VE"). *Tr. 32-74*. The ALJ issued a decision on August 23, 2023, finding that Ms. Rozelski was not

disabled. *Tr. 13-26.* The Appeals Council denied Ms. Rozelski's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-3.*

Ms. Rozelski, who was forty-six years old at the time of the hearing, has her GED and has past relevant work experience as a case worker. *Tr. 37-38, 67.*

## II.     The ALJ's Decision[1]

The ALJ found that Ms. Rozelski had not engaged in substantial gainful activity since April 14, 2021, the application date. *Tr. 15*. The ALJ also concluded that Ms. Rozelski has the following severe impairments: fibromyalgia, neurocognitive disorder, depression, anxiety, and alcohol abuse. *Id.* However, the ALJ concluded that Ms. Rozelski did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 16.*

According to the ALJ, Ms. Rozelski had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) only occasional climbing, balancing, stooping, kneeling, crouching, and crawling; (2) only simple, routine, repetitive work with one to two steps; (3) only occasional interaction with

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)-(g).

2

co-workers and supervisors but none with the public; (4) only simple or routine changes where such changes are few and infrequent; (5) normal pace without high rate production quotas; and (6) no work as an integral part of any team. *Tr. 18*.

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy that Ms. Rozelski could perform, including marker, routing clerk, and mail clerk. *Tr. 25, 69*. Accordingly, the ALJ found that Ms. Rozelski was not disabled.

### III.   Discussion

####    A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because

substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B. Ms. Rozelski's Arguments for Reversal

Ms. Rozelski contends that the Commissioner's decision is not supported by substantial evidence because the ALJ: (1) did not fully and fairly develop the record; (2) improperly evaluated her subjective complaints; (3) erred in his assessment of the medical evidence; (4) failed to evaluate the combined effect of all of her impairments; and (5) relied on merely conceivable and not reasonably possible work opportunities being available. *Doc. 7 at 3, 5, 8, 10, 11*. After carefully reviewing the record as a whole, I recommend affirming the Commissioner.

### C. Analysis

#### 1. The ALJ Did Not Need to Further Develop the Record.

Ms. Rozelski argues the ALJ failed to develop the record when finding that her headaches were not a medically determinable impairment. *Doc. 7 at 4*.

The ALJ recognized that Ms. Rozelski testified that she had daily headaches but noted "very sparse evidence of reporting of migraines/headaches during visits with her medical providers . . . [and] she lacked any treatment or diagnosis for the condition in her treatment record within the relevant period." *Tr. 16*. There are only a few references to migraines/headaches in the record. *Tr. 437-438, 545*. In fact, Ms.

4

Rozelski's treatment provider's Medical Source Statement did not even list headaches as a diagnosis. *Tr. 526*.

To excuse the absences of evidence to support this claim, Ms. Rozelski argues that "evidence of pain such as Ms. Rozelski's daily headaches would not necessarily show up in objective medical records of doctors that see fifty or more patients each day. Further, no physician noted that such headaches or migraines were disproved by their evaluations." *Doc. 7 at 7*. This is conjecture. It also does not excuse the fact that no treatment records support Ms. Rozelski's claim of debilitating headaches.

"[A] physical or mental impairment must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 416.921. Here, the records contain only a couple of instances of Ms. Rozelski complaining that she suffers from headaches. However, there is no *treatment* for these headaches. Ms. Rozelski has the "burden to establish that [her] impairment or combination of impairments are severe. Severity is not an onerous requirement for the claimant to meet, . . . but it is also not a toothless standard . . . ." *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007). Providing minimal objective medical records related to headaches along with speculation is insufficient to meet this burden.

The ALJ properly considered Ms. Rozelski's complaints of headaches against the record; nothing more was required. In fact, Ms. Rozelski points to no specific, additional evidence that was needed. "On appeal the claimant must establish that the

5

ALJ's failure to develop the record was unfair or prejudicial in order to warrant reversal on this basis." *Haley v. Massanari*, 258 F.3d 742, 750 (8th Cir. 2001). Ms. Rozelski has not met her burden.

### 2. The ALJ's Credibility Analysis Was Adequate.

Ms. Rozelski asserts that the ALJ's credibility analysis erroneously rejected her complaints of "long-standing pain" while adopting her statement regarding her minimal social interactions. *Doc. 7 at 6-7.*

The Court normally should defer to an ALJ's credibility determination. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id.* When evaluating the credibility of a claimant's subjective complaints, an ALJ must consider the *Polaski* factors, which include "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010) (quotation omitted) (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)). Also relevant is the absence of objective medical evidence supporting the claimant's subjective complaints, although the ALJ cannot discount a claimant's credibility based on this consideration alone. *Id.* at 932. The ALJ need not explicitly discuss

each of the *Polaski* factors in the written decision if they clearly were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

Contrary to Ms. Rozelski's argument, the ALJ considered her activities of daily living, as well as the medical evidence, and weighed them against her subjective complaints. The ALJ noted that Ms. Rozelski sought treatment for memory issues and fibromyalgia, but her proposed treatment was "lifestyle changes with exercising and dieting." *Tr. 19, 391, 456*. Also, Ms. Rozelski takes no medications for her impairments and has no doctor-imposed restrictions. *Tr. 41, 526*. A lack of physician-imposed restrictions may serve as a reason to discredit a claimant's credibility. *Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003). Ms. Rozelski's conservative treatment also is a consideration when weighing her credibility regarding the severity of her impairments. *Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015). Finally, the RFC was consistent with the functional limitations noted by Ms. Rozelski's treatment provider in the medical source statement and it included limitations consistent with her medically supported impairments. *Tr. 18, 527*. See *Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016) (substantial evidence supported ALJ's RFC determination, including objective medical evidence, conservative treatment, and claimant's not fully credible subjective complaints).

Based on the evidence as a whole, the ALJ's findings were supported by the record, and no reason exists to depart from the deference normally given to the ALJ's credibility determination.

### 3. The ALJ's Decision was Supported by Substantial Evidence.

Plaintiff makes three additional arguments: (1) lack of substantial evidence; (2) a failure to evaluate the combined effects of all impairments; and (3) "opportunities for work . . . are merely conceivable and not reasonably possible." *Doc. 7 at 9-11*. All three arguments are merely disagreements with the ALJ's findings, which were supported by the record. A few examples follow:

- Ms. Rozelski argues that her "claim is supported by substantial evidence from medical providers . . . ." *Tr. 7 at 9*. However, the issue at this stage is whether there was substantial evidence to support the *ALJ's decision*, not Ms. Rozelski's claim. *Brown*, 825 F.3d at 939.

- Ms. Rozelski asserts that "the ALJ failed to determine whether [her] anxiety reached a medically determinable impairment." *Doc. 7 at 10*. To the contrary, the ALJ specifically found her anxiety to be a severe impairment. *Tr. 15*.

- Ms. Rozelski contends that she meets listing 12.06, because the ALJ should have found two marked limitations, rather than just one. *Doc. 7 at 10*. Her attempt to reevaluate the evidence is unpersuasive. Living

with her mother and having difficulty finishing household tasks do not support an additional marked limitation, which is defined as "a seriously limited ability to function independently, appropriately, or effectively, and on a sustained basis." *Id.* at 10, *Tr. 17*. There was insufficient evidence to support a second marked limitation.

- The ALJ noted that "while the claimant did have some signs of unspecified cognitive impairment in her memory and attention/concentration, her cognitive testing for her neurocognitive disorder was unremarkable with near perfect scores." *Tr. 21*. This evidence was properly considered.

- The ALJ found that "while [Ms. Rozelski's] mental health treatment record[s] noted ongoing symptoms of depression and anxiety, her most recent treatment noted some progress with the claimant being more socially active." *Tr. 21*. "An impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

Ms. Rozelski has some impairments, but the ALJ was justified, on this record, in concluding that they were insufficient preclude her from performing gainful employment. This conclusion is supported by the minimal treatment for her

impairments, absence of restrictions on her functioning, lack of medications, and her own doctor's assessment.

Again, the Court will not reverse the Commissioner's decision "merely because substantial evidence exists for the opposite decision." *Long*, 108 F.3d at 187. Ultimately, Ms. Rozelski disagrees with the outcome, but that is not a reason to reverse a decision that is supported by substantial evidence.

## IV. Conclusion

The ALJ applied proper legal standards in evaluating Ms. Rozelski's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the Commissioner's decision and enter judgment in favor of the Commissioner.

Dated 8 October 2024.

_____
UNITED STATES MAGISTRATE JUDGE